In the Matter of the Application of MINER BUEL, Respondent, to Lay Out a Highway in the Town of Middlefield.

THE TOWN OF MIDDLEFIELD et al., Appellants.

HIGHWAYS — APPLICATION TO COUNTY COURT IN PROCEEDING TO LAY OUT — IMMATERIAL OMISSIONS. Section 83 of the Highway Law (L. 1890, ch. 568) does not require that an application to the County Court for the appointment of commissioners in a proceeding to lay out a highway shall contain affirmative allegations that the land proposed to be taken has not been dedicated to the town for highway purposes or has not been released by the owner for that purpose, or that it has been made within thirty days after its presentation to the commissioners of highways, and the failure of the applicant to allege such facts does not deprive the court of jurisdiction to entertain the proceeding.

*Matter of Buel*, 57 App. Div. 629, affirmed.

(Argued September 30, 1901; decided November 12, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 4, 1901, which affirmed an order of the Otsego County Court confirming the report of commissioners in proceedings to lay out a highway.

The facts, so far as material, are stated in the opinion.

*Albert C. Tennant, J. W. Tucker* and *L. E. Walrath* for appellants. Neither the County Court, nor the commissioners appointed by it under the order of September 20, 1899, ever acquired jurisdiction of the subject-matter in this proceeding, because of the failure of the petitioner to allege or state in his petition the facts specified by the statute as necessary to con-

fer jurisdiction on the County Court to make the order or entertain the proceedings. (*Miller* v. *Brown*, 56 N. Y. 383; *Gilbert* v. *York*, 111 N. Y. 544; *Matter of Pugh*, 46 App. Div. 634; *Reining* v. *City of Buffalo*, 102 N. Y. 308.) The decision of the commissioners made and announced to the parties and entered in the official minutes at the hearing on October eighteenth, was the judicial act of the commissioners and ended their judicial powers. Such decision had the binding force of a judgment. The making and filing of the certificate of such decision was a mere ministerial act, and its omission did not invalidate the decision so made and entered. (*People* v. *Jefferds*, 4 T. & C. 398; *Walrod* v. *Shuler*, 2 N. Y. 134; *Hall* v. *Tuttle*, 6 Hill, 38; *Fish* v. *Emerson*, 44 N. Y. 378; 3 Wait's Law & Pr. 838; *Hardy* v. *Seelye*, 1 Hilt. 90; *People ex rel.* v. *Delaware Common Pleas*, 18 Wend. 558; *Rogers* v. *Runyan*, 9 How. Pr. 248; 3 Wait's Law & Pr. 842, and cases cited; *Moores* v. *Lunt*, 60 N. Y. 649.) Until the commissioners had filed certificates in accordance with their decision of October eighteenth, neither the County Court nor the county judge had any jurisdiction to review the decision or the proceedings of the commissioners, or to proceed further in the case. (*People ex rel.* v. *Kniskern*, 54 N. Y. 52; 2 R. S. 355, § 27; *Parrott* v. *K. Ice Co.*, 38 How. Pr. 508; *Keeler* v. *Frost*, 22 Barb. 400; *Horton* v. *Garrison*, 23 Barb. 176; *People ex rel.* v. *Batchelor*, 28 Barb. 310; *People ex rel.* v. *Hynds*, 30 N. Y. 470.) After final adjournment of the proceedings no further proceedings could be lawfully taken by the commissioners, except to file the certificates of their decision already made, at least not without additional notice to the parties. (*Carter* v. *Clarke*, 7 Rob. 490; *De Comeau* v. *People*, 7 Rob. 498; *Rogers* v. *Runyan*, 9 How. Pr. 248; *People ex rel.* v. *Kniskern*, 54 N. Y. 53; *People ex rel.* v. *Robertson*, 17 How. Pr. 74; *People ex rel.* v. *Allen*, 37 App. Div. 248; *Flint* v. *Gault*, 15 Hun, 213; *Moores* v. *Lunt*, 60 N. Y. 649.) The position taken by the county judge to the effect that the decision of the commissioners was not complete until they had both decided and certified their

decision is manifestly unsound. (*People* v. *Jefferds*, 4 T. & C. 398.)

*S. W. Barnum* for respondent. If a party neglects to appear in court and oppose a motion, he cannot afterward resist the order upon the ground that it should not have been made. (*Higbie* v. *Edgarton*, 3 Paige, 253.) If contestants were not content with the order they should have appealed or moved to set it aside. It was the duty of the commissioners to obey the order. (*Matter of Pugh*, 22 Misc. Rep. 44; *People ex rel.* v. *Bergen*, 53 N. Y. 404; *People ex rel.* v. *Van Buren*, 136 N. Y. 252.) In determining the question of jurisdiction all the averments contained in the petitioner's papers must be taken as unqualifiedly true. (*People ex rel.* v. *Van 'Buren*, 136 N. Y. 252.) If the court had denied the motion for confirmation it would have usurped the functions of the commissioners who had made a personal examination of the proposed road, besides taking testimony. (*Matter of Town of Whitestown*, 24 Misc. Rep. 150.) The commissioners had the right to vary the course of the proposed road to avoid the swampy place. (*People ex rel.* v. *Hildreth*, 24 N. Y. S. R. 458; *People ex rel.* v. *Carman*, 53 N. Y. S. R. 155; *Matter of Feeney*, 20 Misc. Rep. 272.)

HAIGHT, J. We think all of the questions raised on this review have been properly disposed of by the courts below, and that the only question requiring further consideration here is the failure on the part of the applicant to state in his petition to the County Court that the lands sought to be taken for the purpose of a highway had not been dedicated to the town for highway purposes or had not been released by the owner for that purpose.

Under the Highway Law the commissioners of highways are authorized, either with or without a written application therefor, to lay out a highway upon lands released or dedicated to such purpose. The statute also authorizes any person assessable for highway labor to make a written application to

the commissioner of the town in which he shall reside or is assessable to alter, discontinue or to lay out a highway. Section 83 of the law then provides: "Whenever the land is not dedicated to the town for highway purposes, and not released as herein provided, the applicant shall, within thirty days after presenting the application to the commissioners of highways, by verified petition showing the applicant's right to so present the same, and that such application has been in good faith presented, apply to the county court of the county where such highway shall be, for the appointment of three commissioners to determine upon the necessity of such highway proposed to be laid out    *    *    *    and to assess the damages," etc.    (L. 1890, ch. 568.)    It will be observed that the provisions of this statute specify what the petition shall contain. It must be verified and it must show the applicant's right to present the same. Such right is fixed by prior section 82 and that is, he must be assessable for highway labor in the town in which the road is asked to be laid out. The petition must further show that the application has been in good faith presented to the commissioners of highways. These conditions having been complied with he may apply to the County Court for the appointment of commissioners. It is true, these proceedings would be unnecessary in case the lands sought to be taken had been previously dedicated to highway purposes, but there is no provision of the statute requiring the petition to contain an allegation showing that such dedication had not been made as a condition precedent to the making of the application. The application must be made to the court within thirty days after the application has been made to the commissioners of highways, yet it is not required that the petition should contain an affirmative allegation to this effect. It has been held that the commissioners appointed by the County Court are not bound to follow the route described in the petition with precision, but that it may be varied if thereby they obtain a better place for the road. (*People ex rel. Cecil* v. *Carman*, 53 N. Y. S. R. 155.) This was just what was done by the commissioners in this case. If this be the law it is not

apparent how a person asking for the laying out of a highway could, in advance, determine the precise lands that would be finally taken by the commissioners and ascertain whether they had been dedicated or released.

There is no claim in this case that the lands sought to be taken had ever been released or dedicated to highway purposes.

The order should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, MARTIN and LANDON, JJ., concur; O'BRIEN and VANN, JJ., dissent.

Order affirmed.