Matter of the Application of CHARLES E. RUSHMORE to Discontinue a Portion of a Highway in the Town of Woodbury, Orange County, New York, and the Assessment of Damages Therefor.

(County Court, Orange County, January, 1908.)

Highways — Abandonment and discontinuance — Proceedings to discontinue — Sufficiency of petition.

    A person who applies for the discontinuance of a highway need not set forth any facts except such as are required by section 83 of the Highway Law, and need not allege that the portion of the highway proposed to be discontinued is useless.

APPLICATION to discontinue a portion of a highway in the town of Woodbury, Orange county, and the assessment of damages therefor.

Bisbee, Rogers & Stern (Charles E. Rushmore in person), for petitioner.

J. W. & Percy V. D. Gott, for landowners.

Alfred B. Crandell and John G. Earl, for Richard M. Cunningham.

Graham Witschief, for George Lamereau.

County Court, Orange County, January, 1908. [Vol. 57.,

SEEGER, J. The petitioner institutes this proceeding for the purpose of procuring the discontinuance of a portion of a highway in the town of Woodbury, Orange county, N. Y., and asks for the appointment of commissioners to determine upon the uselessness of that portion of the highway proposed to be discontinued and to assess the damages, if any there be, occasioned by such discontinuance. The landowners, Richard M. Cunningham, Alfred B. Crandell and John G. Earl, were served with notice of the application and appeared specially for the purpose of moving to dismiss the proceedings upon the following grounds:

*First.* The court has no statutory jurisdiction to grant the relief asked for in the notice of motion.

*Second.* The notice of motion fails to ask for the only relief given under the statute.

*Third.* The description of the portion of the highway sought to be discontinued is fatally indefinite.

*Fourth.* No presumptive or *prima facie* case of uselessness is made out in the moving papers.

I think the notice is a sufficient compliance with the statute and that the description of the portion of the highway sought to be discontinued is sufficient.

As to the fourth point, I can find nothing in the statute which requires the petitioner to allege that the highway proposed to be discontinued is useless. The statute specifies what the petition shall contain as follows: " Whenever the land is not dedicated to the town for highway purposes, and not released as herein provided, the applicant shall, within thirty days after presenting the application to the commissioners of highways, and after at least five days' notice to said commissioners of the time and place of the application to the County Court, in this section provided for, by verified petition showing the applicant's right to so present the same, and that such application has been in good faith presented * * * for the appointment of three commissioners to determine upon the * * * uselessness of the highway proposed to be discontinued and to assess the damages by reason of * * * discontinuing such highway." Highway Law, § 83.

The language used in the statute, " showing the applicant's right to so present the same," refers to the requirements of section 82 of the Highway Law which provides that "Any person or corporation assessable for highway labor, may make written application to the commissioners of highways of the town in which he or it shall reside, or is assessable, to alter or discontinue a highway, or to lay out a new highway," and cannot be construed to require the petitioner to set forth in his petition any facts not required by said section 83. Matter of Buel, 168 N. Y. 426.

The motion to dismiss the proceedings should be denied and an order appointing commissioners granted.

Ordered accordingly.