Richard J. Cardámose, J.
The plaintiff, Margaret Schesch, as executrix of the last will and testament of Albert J. Schesch, seeks by this declaratory judgment action against the State of New York, the Village of Ilion, and the Ilion Urban Renewal Agency an adjudication that State Highway No. 5161 (known as Route 5-S) in the Village of Ilion, Herkimer County, New York which abuts the plaintiff’s premises has not been legally relocated by these defendants and that obstructions to travel constructed and maintained in this highway since May 9, 1967 by these defendants are unlawful.
The plaintiff also instituted an action, arising from the same highway relocation, for damages against Triple C Construction Co., Inc., J. Burch McMorran, and the Village of Ilion, seeking $65,000 in money damages for an alleged taking of her property without legal authority; for the annoyance, inconvenience and interference to the operation of the plaintiff’s florist business; and for damages to the flowers and plants sold by plaintiff in her retail florist business caused by silt, dirt and polluted air thrown upon plaintiff’s land by the defendants’ agents in the course of the reconstruction of Route 5-S. Plaintiff also alleges that the relocation of this highway has cut off and blocked access to her property and that there has been a permanent partial obstruction of suitable access to her property which has seriously interfered with the operation of her retail florist business.
The three defendants in the first or declaratory judgment action, State of New York, Village of Ilion and the Ilion Urban Renewal Agency, have all moved for summary judgment dismissing the plaintiff’s complaint. In the second action for damages the Village of Ilion has moved for summary judgment dismissing the plaintiff’s complaint as against it.
In her first cause of action, the plaintiff claims that section 340 of the Highway Law prescribes and specifies the course of State Highway No. 5161 through the Villages of Mohawk and Ilion and that neither the Commissioner of Transportation of the State of New York nor the Village of Ilion has the legal power or authority to relocate this highway.
*46 ■She alleges that on May 9,1967 the State Highway Department of Public Works and the Village of Ilion through its Board of Trustees entered into a contract under the terms of which it was agreed that the two acting jointly should relocate Highway No. 5161 at the easterly portion of the Village of Ilion. The purpose of relocation was for the benefit of a proposed urban renewal project planned and designed on behalf of the Ilion Urban Renewal Agency. She asserts that no notice of this relocation was given to the said Albert J. Schesch during his lifetime by any of the defendants. Commencing in the month of November, 1967 and continuing throughout the remainder of that year and through the spring and summer of 1968 the defendant Village of Ilion and the defendant-State Commissioner of Transportation acting jointly through a highway contractor (Triple C Construction) proceeeded to perform the work necessary to relocate the course of Highway No. 5161. She claims that the defendants installed an obstruction forming approximately one third of the arc of a large semicircle in front of her florist shop. She further alleges that such is an unlawful obstruction which will permanently damage plaintiff’s premises unless the same is removed or judicially declared to be unlawful. It is the plaintiff’s contention that the relocation was for purposes other than highway travel and that the alteration has been performed in such a manner that in the space of seven tenths of a mile there are four complete right-angle turns necessary to negotiate.
Considering the motions for summary judgment made by all three defendants in the declaratory judgment action the court assumes, as it must on such a motion, that all of the facts alleged in the plaintiff’s complaint are true.
The crucial determination here is whether the State Legislature fixed the route to be followed by Highway No. 5161 or whether the final decision as to the exact route was vested by the Legislature in the sound discretion of the Commissioner of Transportation.
Where the State Legislature has selected the route and designated the course to be followed, the State Transportation Commissioner lacks power to change it except in limited instances for engineering reasons (Sleepy Hollow Val. Committee v. McMorran, 20 N Y 2d 190, 195). In Sleepy Hollow the route designated to be followed was set forth in an amendment to old section 341 (subd. 57, par. 1, cl. k) of the Highway Law enacted by chapter 290 of the Laws of 1965. An examination of that amendment reveals a specific route set forth from point to point measured in hundredths of a mile. The location of State Highway No. 5161 (Route 5-S) was governed up to *47 September 1, 1968 by the provisions of section 340 of the Highway Law (now repealed) and since that date by a new section 341 (repealing §§ 340, 341, 342, 342-a, 343 and 345) enacted by chapter 592 of the Laws of 1968.
Section 340 provided that highways included in the 50 routes described in the section shall be State highways constructed and improved at the sole expense of the State, subject to provisions relating to Federal aid and to additional improvements requested by local authorities. The subject of this case is Route 6, which the Legislature provides is to commence in the City of Albany and travel westward by way of a number of different State highways into the Village of Herkimer, 1 c thence westerly through the Villages of Mohawk, Ilion and Frankfort on highways * * * fifty-one hundred sixty-one * * * to the dividing line between Herkimer and Oneida counties at the city of Utica ’ ’. Section 343 of the same statute provided that a map filed with the Secretary of State on which is shown the system of highways of the State of New York designates the same as State Highway No. 5161 and it is so designated on the map filed pursuant to this section of the statute. New section 341 of the Highway Law describes all the State highways with respect to the counties in which they are located. Subdivision 21 is Herkimer County, which describes the route in question as follows: ‘ ‘ beginning at the Oneida-Herkimer County line and the eastern city line of Utica, then running generally southeasterly through or near the villages of Frankfort, Hion and Mohawk ”.
Clearly, new section 341 with its direction that the highway run ‘ ‘ through or near ’ ’ the Village of Ilion cannot be construed as a specific route. Since the relocation, according to the allegations of plaintiff’s complaint, was performed prior to September 1, 1968, the provisions of sections 340 and 343 (now repealed) control. Old section 340 merely provides that State Highway No. 5161 run from Herkimer “westerly through ” the Village of Ilion. Plaintiff has attached to her papers a map (presumably filed under section 343 of the Highway Law — now repealed) which indicates the east-west course of Highway No. 5161 as it appeared in 1912. Plainly, the statute, supplemented by the map, indicates nothing more than a generally east-west route line for State Highway No. 5161 (Route 5-'S).
Where the course of the route authorized by the Legislature is outlined in such general terms as these here, some latitude is afforded to the Commissioner of Transportation in executing *48 the Legislature’s command to relocate (Sleepy Hollow Val. Committee v. McMorran, 20 N Y 2d 190, 195, supra). Since the Legislature cannot be expected to define the exact course of all State highways throughout their length and breadth, discretion is granted to the Commissioner charged with carrying these matters into effect (cf. Matter of Buel, 168 N. Y. 423, 426). The very failure here to designate a specified route and the use, instead, of a general description, indicates an intention upon the part of the Legislature to vest in the Commissioner of Transportation reasonable discretion as to the relocation of State Highway No. 5161 (People ex rel. Wauful v. Reel, 157 App. Div. 128, 132; cf. Sleepy Hollow Val. Committee v. McMorran, supra, pp. 196,197).
Both section 340 and new section 341 provide for the construction subject to additional improvements as requested by local authorities. The trustees of the village petitioned the State pursuant to section 46 of the Highway Law to provide for a different type of construction for a modified alignment on a new location between East Main Street and East Clark Street in the Village of Ilion at a cost to it of $200,000. The State granted the village’s petition and proceeded with the relocation of Route 5-S (State highway No. 5161 — also known as East Main Street) by a contract with Triple C Construction Company, Inc., which contractor actually performed the work. The cost of the relocation was paid by the village (Highway Law, § 46).
It is the plaintiff’s contention that this highway relocation was performed for the benefit of a proposed urban renewal park or plaza in the Village of Ilion and that this was not a sufficient and lawful reason for changing a State highway.
Where the reason for the relocation was for the purpose of obtaining Federal highway funds, such was held to be consistent with and in fulfillment of the purpose of section 85 of the Highway Law (Matter of Brown v. McMorran, 23 A D 2d 661). The concurring opinion in Matter of Brown v. McMorran (supra, p. 662) states that only part of the specific route in that -case was challenged as an arbitrary exercise of discretion on the part of the Commissioner and that such does not show any abdication of authority sufficient to raise a triable issue. Subdivision 2 of section 11, which grants the Commissioner power to provide for a deviation from the line of a highway ‘1 if thereby a shorter or more direct highway, or a lessened gradient may be obtained without decreasing the usefulness of the highway”, cannot be construed, in a case such as this, to *49 limit the Commissioner’s discretion to shorter or more direct highways or a lessened gradient, where a municipality, deeming it in the public interest, makes a petition to him under section 46 of the Highway Law. Such would be an unnecessarily narrow and technical construction of the Commissioner’s discretion and would unduly limit municipalities to the making of petitions only in those situations where the change would result in a shorter highway. Only in those instances, not found here, where the Legislature has prescribed the exact route, is the discretion of the Commissioner limited to such engineering reasons (cf. Sleepy Hollow Val. Committee v. McMorran, supra, pp. 195 and 197).
No provision in the State Highway Law prohibits this relocation of a 'State highway for the benefit of an urban renewal park in the Village of Hion. It was a lawful exercise of the Commissioner’s discretionary power upon an appropriate petition from the municipality. No facts are asserted in this record by the plaintiff which connect the defendant Hion Urban Renewal Agency with this relocation either directly or indirectly.
Accordingly the defendants’ motions for summary judgment in the first action dismissing the plaintiff’s declaratory judgment action as against each of them respectively, are granted for the reasons stated above, with costs.
Turning now to the second cause of action asserted by the plaintiff for damages against the contractor who relocated this highway, Triple C Construction Company; the Commissioner of Transportation of the State of New York, Commissioner McMorran; and the Village of Ilion; the only defendant moving for summary judgment dismissing the complaint as against it in this cause of action is the defendant Village of Hion. The complaint in this second ease makes many of the same allegations contained in the first complaint and, in addition, asserts that the reconstruction was jointly engaged in by the defendant village and the State of New York.
This highway was not reconstructed jointly by the defendant Village of Ilion and the State. The modification of alignment requested by the village and permitted by the State under the provisions of section 46 of the Highway Law merely represented “ joint expense ” and Highway No. 5161 in the Village of Hion remained a 'State highway (Highway Law, § 3, subd. 1) under the State’s exclusive control, supervision and jurisdiction (Highway Law, §§ 11 and 12). This is established by the resolution of the village dated April 26, 1967 and the agreement *50 of May 9, 1967 between the State of New York and the Village of Ilion, together with the conceded allegation in plaintiff’s complaint that the State’s Commissioner of Transportation engaged the contractor to perform the actual work of relocation. In brief, the “ joint expense ” here was not joint control or jurisdiction. Highway 5161 (Route 5-S or East Main Street) was and is a State highway (Highway Law, § 340 — now repealed).
Assuming on this kind of motion, as the court must, the facts claimed in the complaint regarding lack of notice to plaintiff of the work performed, damages to her property, etc., nevertheless, no cause of action lies here against the defendant village where the exclusive control, supervision or jurisdiction of the highway in question is in the State. The defendant Village of Ilion’s motion for summary judgment dismissing the plaintiff’s complaint in this action for damages as against it is granted, with costs.